# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv203

| | |
|---|---|
| SAMUEL N. CARVER and SUSAN Q. CARVER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )    **O R D E R**<br>) |
| THE PHOENIX INSURANCE COMPANY, d/b/a Travelers, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Remand. [Doc. 9].

## PROCEDURAL HISTORY

On August 11, 2011, the Defendant removed the Plaintiffs' state court action filed on July 1, 2011 to this Court based on diversity jurisdiction. [Doc. 1]. In the Complaint, the Plaintiffs seek recovery from their homeowner's insurer for smoke and fire damages to clothing located in the master bedroom of their home when the dwelling sustained a fire. [Doc. 1-1 at 2-3]. The Plaintiffs readily admit that all damages to the dwelling and the furniture contained therein have been satisfactorily resolved by the parties. [Id.]. The only outstanding claim is for the damage to their clothing. [Id.]. In the

Complaint, the Plaintiffs alleged that the loss exceeds $10,000.00 but is less than $70,000.00. [Id. at 4-5].

On March 17, 2011, prior to the filing of the state court complaint, the Plaintiffs' attorney sent a demand letter to the Defendant in which he demanded the sum of $76,534.00 to resolve the parties' dispute. [Doc. 1-3 at 4]. In that letter, counsel also noted his belief that a failure to resolve the claim could result in a lawsuit based on unfair settlement practices which could implicate treble damages. [Id.].

Based on the allegations contained within the demand letter, the Defendant removed the action to federal court noting a demand in excess of $75,000.00 and diversity jurisdiction. 28 U.S.C. §1332(a). The Plaintiffs then promptly moved to remand the action to state court. [Doc. 9].

## STANDARD OF REVIEW

Only "actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The party seeking removal of an action from state court bears the burden of showing federal subject matter jurisdiction. Maryland Stadium Authority v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005) (citations omitted).

Where removal is based on federal diversity jurisdiction, the party

2

seeking removal has the burden of establishing by a preponderance of the evidence that the jurisdictional threshold amount in controversy is met. Bartnikowski v. NVR, Inc., 307 F. App'x. 730, 734 (4th Cir.2009) (noting other circuits require preponderance standard although not yet adopted in this circuit). "Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." Id. "Determining the amount in controversy becomes more difficult, however, where, as here," the amount was stated in a complaint the form of which is dictated by state court rules. Id. In North Carolina, "a plaintiff can plead for judgment in excess of a certain dollar amount," but is prohibited from pleading the exact amount of damages, "making it difficult to determine the exact amount in controversy[.]" Lee Elec. Const., Inc. v. Eagle Elec., LLC, 2003 WL 21369256 **2 (M.D.N.C. 2003) (citing N.C.R.C.P. 8(a)(2) and 14C Charles Alan Wright, Federal Practice and Procedure, §3725 at 79 (3d. 1998)); Lawson v. Tyco Electronics Corp., 286 F.Supp.2d 639, 641 (M.D.N.C. 2003).

The removal statute further provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case *shall* be remanded." 28 U.S.C. §1447(c) (emphasis provided). An order remanding a case for lack of subject matter jurisdiction is not reviewable on appeal. 28 U.S.C. §1447(d);

3

Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 ("[A] remand order based on a lack of subject matter jurisdiction, whether *sua sponte* or not, falls within the scope of §1447(c) and therefore is not reviewable by a court of appeals.").

**DISCUSSION**

It is undisputed that citizenship of the parties is diverse. It is also undisputed that, in their Complaint, the Plaintiffs seek an award of damages "for a sum certain" which is in excess of $10,000.00 but less than $70,000.00. [Doc. 1-1 at 4-5]. The Plaintiffs have not alleged in the Complaint a cause of action based on unfair settlement practices; thus, treble damages are not implicated. [Id.]. Indeed, the only claim stated is for breach of contract. [Id.]. The issue, then, is whether the jurisdictional threshold amount has been established by the wording of the demand letter sent prior to the filing of the Complaint.

"The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." McCoy v. Erie Ins. Co., 147 F.Supp.2d 481, 489. That is, "the pecuniary result ... which [a] judgment would produce." Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (citation omitted). If the amount in controversy is unclear, the Court "may look to the entire record

4

before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F.Supp.2d 489, 498 (M.D.N.C. 2003). Courts may consider evidence outside the complaint in order to determine the amount in controversy, including demand letters. Wood v. General Dynamics Advanced Information Systems, Inc., 2009 WL 1687967 (M.D.N.C. 2009) (collecting cases from other circuits); Crespo v. Delta Apparel, Inc., 2008 WL 2986279 (W.D.N.C. 2008); Green v. Metal Sales Mfg. Corp., 394 F.Supp.2d 864, 866 (S.D.W.Va. 2005). Thus, "absent some concession by Plaintiff[s] that [the] Demand Letter was artificially inflated ... , the Court cannot help but conclude that Defendant has carried its burden of establishing, by a preponderance of the evidence," that the potential pecuniary result to the Plaintiffs would satisfy the amount in controversy. Wood, 2009 WL 1687967 at **5.

In the Plaintiffs' Complaint, they make the following allegation which directly references the Demand Letter and the inventories attached thereto. [Doc. 1-3 at 1-25].

> After the fire, and before the commencement of this action, the Plaintiffs have furnished to the Defendant at its special insistence and request, various additional and supplemental proof of the Plaintiffs' loss, including multiple inventories of the effected clothing. ... Notwithstanding the supplying of this information, the Defendant ... continues to refuse to pay for the loss to the smoke damaged clothing[.]

5

[Doc. 1-1 at 4]. As a result, the Court has considered the demand letter in determining the amount in controversy. Crespo, 2008 WL 2986279.

The Plaintiffs have, nonetheless, conceded that the demand letter was inflated. [Doc. 10 at 5-6].

> In [this] case, the Plaintiffs' Complaint, which contains the oath of the Plaintiff, expressly states that the claim of the Plaintiffs for their damaged clothing is less than [$70,000.00]. The Plaintiffs' Complaint does not allege any claim of unfair claims settlement practice or that the Plaintiffs are attempting to seek treble damaged. The claim ... is simply for damages to their clothing.
> ...
> The sole basis for the Defendant's removal of this state court action is a demand letter which was sent by the Plaintiffs' counsel to the Defendant. The Notice of Removal was filed almost five (5) months after the initial demand letter of the Plaintiffs. Since the time of sending their initial demand letter, the Plaintiffs have determined that they will not be able to recover those damages originally estimated and that their damages do not exceed [$70,000.00]. [T]he demand letter merely indicate[d] an "estimate" of the cost of replacement for the clothing.

[Id.]. In considering whether the demand letter was an accurate statement of the value of the Plaintiffs' clothing, this Court "is not required to leave its common sense behind." Green, 394 F.Supp.2d at 866. "Settlement [demands] commonly reflect puffing and posturing, and such a settlement [demand] is entitled to little weight in measuring the preponderance of the evidence." Jackson v. Select Portfolio Servicing, Inc., 651 F.Supp.2d 1279, 1281 (S.D.Ala. 2009).

"Removal jurisdiction is not a favored construction; [the Fourth Circuit]

construe[s] it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), cert. denied 549 U.S. 1260, 127 S.Ct. 1381, 167 L.Ed.2d 174 (2007) (citations omitted). In the end, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). This is such a case and remand is necessary.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Remand [Doc. 9] is hereby **GRANTED** and this action is hereby **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, Haywood County.

Signed: April 24, 2012

Martin Reidinger
United States District Judge